IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TURBOCODE LLC, <br><br> **Plaintiff,** <br><br> v. <br><br> **HP INC. AND HEWLETT PACKARD ENTERPRISE COMPANY,** <br> **Defendants.** | **Civil Action No. 6:21-cv-360** <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff TurboCode LLC ("TurboCode" or "Plaintiff") hereby alleges for its Complaint

for patent infringement against Defendants HP Inc. and Hewlett Packard Enterprise Company

("HP" or "Defendant") on personal knowledge as to its own actions and on information and

belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

2.      Plaintiff TurboCode is a corporation organized under the laws of Delaware with a

place of business at 1903 Toro Canyon, Austin, Texas 78746.

3.      On information and belief, Defendant HP Inc. ("HPI") is a Delaware corporation

with a principal place of business at 1501 Page Mill Road, Palo Alto, CA 94304.  HPI

distributes, markets, and sells electronic devices in the United States.  Upon information and

belief, Defendant HPI is authorized to do business in Texas and may be served through its

registered agent, CT Corporation System, 1999 Bryan Street, STE 900, Dallas, Texas 75201.

4.      On information and belief, Defendant Hewlett Packard Enterprise Company ("HPE") is a corporation organized under the laws of the State of Delaware, with its principal place of business at 11445 Compaq Center Drive West, Houston, Texas 77070.  On information and belief, HPE has a place of business at 14231 Tandem Blvd, Austin, Texas 78728.  Upon information and belief, Defendant HPI is authorized to do business in Texas and may be served through its registered agent, CT Corporation System, 1999 Bryan Street, STE 900, Dallas, Texas 75201.

5.      On information and belief, HP conducts a significant amount of business in Texas and this District through online sales and advertisements directly to consumers, through product sales by HP's distributors and resellers, and in concert and partnership with third parties who sell mobile phones, personal computers, notebook computers, and other consumer products.

6.      TurboCode is the assignee and owner of the patents at issue in this action: U.S. Patents Nos. 6,799,295 (the "'295 patent") and 6,813,742 (the "'742 patent") (collectively, the "Asserted Patents").  TurboCode holds all substantial rights, title, and interest in the Asserted Patents, including the exclusive right to sue HP for infringement and recover damages, including damages for past infringement.

7.      TurboCode seeks monetary damages and prejudgment interest for HP's past and ongoing direct and indirect infringement of the Asserted Patents.

8.      On information and belief, HP imports and/or designs, develops, and/or manufacturers systems, products, and/or devices for importation into the United States for use, sale, and/or offer for sale in this District and throughout the United States, including, but not limited to HP's HP Spectre x360; HP Elite Dragonfly Notebook PC Customizable with Intel XMM 7360 LTE-Advanced Cat 9; HP Elite Dragonfly Notebook PC Customizable with Intel

XMM 7560 LTE-Advanced Cat 16;  HP Elite Dragonfly Notebook PC w/SureView with Intel

XMM 7360 LTE-Advanced; HP mt46 Mobile Thin Client with Intel XMM 7360 LTE-

Advanced; HP EliteBook x360 1040 with Intel XMM 7360LTE-Advanced Cat 9; Elite Book

x360 1030 G7 Notebook PC; HP EliteBook 835 G7 Notebook PC with Intel XMM 7360LTE-

Advanced; HP EliteBook 845 G7 Notebook PC with Intel® XMM™ 7360 LTE-Advanced; HP

EliteBook x360 830 G7 Notebook PC with Intel® XMM™ 7560 LTE-Advanced; HP ProBook

640 G8 Notebook PC with Intel® XMM™ 7360 LTE-Advanced; HP ZBook Fury 15 G7 Mobile

Workstation - Customizable with Intel® XMM 7360 LTE-Advanced Mobile Broadband (Cat 9);

HP ZBook Firefly 15 G8 Mobile Workstation - Customizable with Intel® XMM 7360 LTE-

Advanced Mobile Broadband (Cat 9); HP ZBook Firefly 15 G8 Mobile Workstation -

Customizable with Qualcomm Snapdragon X55 LTE+5G; HP ZBook Firefly 14 G8 Mobile

Workstation - Customizable with Intel® XMM 7360 LTE-Advanced Mobile Broadband (Cat 9);

HP ZBook Firefly 14 G8 Mobile Workstation - Customizable with Qualcomm Snapdragon X55

LTE+5G; and similar products, devices, systems, and components of systems that comply with

the 3G and/or 4G/LTE standards as disclosed in the 3rd Generation Partnership Project ("3GPP")

Standard Specifications governing cellular wireless communications (*e.g.*, TS 36.101-36.978, TS

26.071-26.999) ("'295 Accused Products").

       9.      On information and belief, HP imports and/or designs, develops, and/or

manufacturers systems, products, and/or devices for importation into the United States for use,

sale, and/or offer for sale in this District and throughout the United States, including, but not

limited to HP's HP Spectre x360; HP Elite Dragonfly Notebook PC Customizable with Intel

XMM 7360 LTE-Advanced Cat 9; HP Elite Dragonfly Notebook PC Customizable with Intel

XMM 7560 LTE-Advanced Cat 16;  HP Elite Dragonfly Notebook PC w/SureView with Intel

XMM 7360 LTE-Advanced; HP mt46 Mobile Thin Client with Intel XMM 7360 LTE-Advanced; HP EliteBook x360 1040 with Intel XMM 7360LTE-Advanced Cat 9; Elite Book x360 1030 G7 Notebook PC; HP EliteBook 835 G7 Notebook PC with Intel XMM 7360LTE-Advanced; HP EliteBook 845 G7 Notebook PC with Intel® XMM™ 7360 LTE-Advanced; HP EliteBook x360 830 G7 Notebook PC with Intel® XMM™ 7560 LTE-Advanced; HP ProBook 640 G8 Notebook PC with Intel® XMM™ 7360 LTE-Advanced; HP ZBook Fury 15 G7 Mobile Workstation - Customizable with Intel® XMM 7360 LTE-Advanced Mobile Broadband (Cat 9); HP ZBook Firefly 15 G8 Mobile Workstation - Customizable with Intel® XMM 7360 LTE-Advanced Mobile Broadband (Cat 9); HP ZBook Firefly 15 G8 Mobile Workstation - Customizable with Qualcomm Snapdragon X55 LTE+5G; HP ZBook Firefly 14 G8 Mobile Workstation - Customizable with Intel® XMM 7360 LTE-Advanced Mobile Broadband (Cat 9); HP ZBook Firefly 14 G8 Mobile Workstation - Customizable with Qualcomm Snapdragon X55 LTE+5G; and similar products, devices, systems, and components of systems that comply with the 3G and/or 4G/LTE standards as disclosed in the 3rd Generation Partnership Project ("3GPP") Standard Specifications governing cellular wireless communications (*e.g.*, TS 26.071-26.999) ("'742 Accused Products").

10.     On information and belief, Defendant HP works with third parties to design, develop, and/or manufacture third party products, such as mobile devices, tablet products, internet of things devices, networking and broadband devices, and home devices that also infringe the Asserted Patents ("Third Party Products").  HP assists third parties, directly or through others, to import the Third Party Products into the United States and sell and/or offer to sell such Third Party Products in the United States.

**JURISDICTION AND VENUE**

11.     This is an action for patent infringement arising under the Patent Laws of the

United States, 35 U.S.C. § 1, *et seq*.

12.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

13.     HP is subject to this Court's general and specific personal jurisdiction at least

because HP has sufficient minimum contacts within the State of Texas and this District, pursuant

to due process and/or the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.042.  On

information and belief, HP contracted with one or more Texas residents in this District and one

or both parties performed the contract at least in part in the State of Texas and in this District; HP

committed the tort of patent infringement in the State of Texas and in this District; HP

purposefully availed itself of the privileges of conducting business in the State of Texas and in

this District; HP regularly conducts and solicits business within the State of Texas and within

this District; HP recruits residents of the State of Texas and this District for employment inside

or outside the State of Texas; Plaintiff's causes of action arise directly from HP's business

contacts and other activities in the State of Texas and in this District; and HP distributes, makes

available, imports, sells, and offers to sell products and services throughout the United States,

including in this District, and introduces infringing products and services into the stream of

commerce knowing that they would be used and sold in this District and elsewhere in the United

States.

14.     HP, directly and/or through subsidiaries and agents (including distributors,

retailers, and others), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises

(including offering products and services through its website, https://store.hp.com/us/en, as well

as other retailers) its products and/or services in the United States, the State of Texas, and the

Western District of Texas.

15.     HP, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the expectation that they will be purchased and used by consumers in the Western District of Texas.  These infringing products and/or services have been and continue to be purchased and used by consumers in the Western District of Texas.  HP has committed acts of patent infringement within the State of Texas and, more particularly, within the Western District of Texas.

16.     HP has a regular and established place of business in this District, which includes an office located at 3800 Quick Hill Road, Suite 100, Austin, Texas 78728.  This office is within the Western District of Texas.  HP also data centers located at 3301 Hibbits Road, Austin, Texas 78721 and 14219 Tandem Blvd, Austin, Texas 78728.

17.     Venue is proper in this judicial district under 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).  On information and belief, HP has regular and established places of business in this District, including an office located at 3800 Quick Hill Road, Suite 100, Austin, Texas 78728.  Additionally, HP—directly or through intermediaries (including distributors, retailers, and others), subsidiaries, alter egos, and/or agents—ships, distributes, offers for sale, imports, and/or sells its products in the United States and this District.  HP has purposefully and voluntarily placed one or more of its products into the stream of commerce with the awareness and/or intent that they will be purchased by consumers in this District.  These products have been, and continue to be, purchased by consumers and businesses in this District.

## THE ASSERTED PATENTS

18.     On September 28, 2004, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 6,799,295 ("the '295 Patent"), entitled "High

speed turbo codes decoder for 3G using pipelined SISO log-map decoders architecture." A copy

of the '295 Patent is attached hereto as Exhibit 1.

19.     TurboCode owns all substantial right, title, and interest in the '295 Patent, and

holds the right to sue and recover damages for infringement thereof, including past infringement.

20.     On November 2, 2004, the USPTO duly and legally issued U.S. Patent No.

6,813,742 ("the '742 Patent"), entitled "High speed turbo codes decoder for 3G using pipelined

SISO log-map decoders architecture." A copy of the '742 Patent is attached hereto as Exhibit 2.

21.     TurboCode owns all substantial right, title, and interest in the '742 Patent, and

holds the right to sue and recover damages for infringement thereof, including past infringement.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,799,295**

22.     TurboCode incorporates and realleges the preceding paragraphs as if fully set

forth herein.

23.     At least as of February 13, 2021, TurboCode placed HP on actual notice of the

'295 patent and actual notice that its actions constituted and continued to constitute infringement

of the '295 patent.  HP has had actual knowledge of the '295 patent and its own infringement of

the '295 patent since at least that time.

24.     HP has infringed one or more claims of the '295 patent, including but not limited

to Claim 1, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by

making, using, selling, offering to sell, and/or importing in the United States without authority

cellular telephones, tablet computers, and/or other devices with 3G and/or 4G/LTE capabilities

and that comply with the 3G and/or 4G/LTE standards as disclosed in the 3rd Generation

Partnership Project ("3GPP") Standard Specifications governing cellular wireless

communications (*e.g.*, TS 36.101-36.978, TS 26.071-26.999), and similar systems, products,

and/or devices including the '295 Accused Products.

25.     Discovery is expected to uncover the full extent of HP's infringement of the '295 patent beyond the '295 Accused Products already identified herein.

26.     Attached hereto as Exhibit 3, and incorporated by reference herein, is a claim chart detailing how the Elite Dragonfly, one of the '295 Accused Products, directly infringes independent Claim 1 of the '295 patent.  Each of the elements of Claim 1 is found in this HP representative product as shown in Exhibit 3.  HP is directly infringing, literally infringing, and/or infringing the '295 patent under the doctrine of equivalents.  HP is thus liable for infringement of the '295 patent pursuant to 35 U.S.C. § 271.

27.     At least as of February 13, 2021, HP was placed on actual notice of the '295 patent and actual notice that its actions constituted and continue to constitute infringement of one or more claims of the '295 patent.

28.     On information and belief, HP has induced and continues to induce infringement of one or more claims of the '295 patent, including, but not limited to, Claim 1, pursuant to 35 U.S.C. § 271(b) by encouraging its customers and other third parties such as users, distributors, wholesalers, and retailers of the '295 Accused Products to make, use, sell, offer to sell, and/or import in the United States without authorization the '295 Accused Products (or products of which the '295 Accused Products are components) as described above and/or by encouraging those same customers and third parties to use the '295 Accused Products (or products of which the '295 Accused Products are components).

29.     HP's acts of inducement include, *inter alia*: providing the '295 Accused Products to its customers and other third parties and intending them to use the '295 Accused Products; providing information, advertising, and instructions for these products through its own and third-party websites (*see, e.g.*, https://www8.hp.com/us/en/home.html); providing potential customers

with instructions on how to obtain these products and warrantying the products when obtained through authorized distribution networks (*see, e.g.*, https://store.hp.com/us/en); providing support and training to enable customers to use the '295 Accused Products in an infringing way (*see, e.g.*, https://support.hp.com/us-en); encouraging customers and other third parties to communicate directly with HP representatives about the '295 Accused Products for purposes of technical assistance and repair (*see, e.g.*, https://support.hp.com/us-en/contact-hp (providing consumer portal through which technical issues and concerns regarding the '295 Accused Products can be addressed)); and encouraging customers and third parties to use the '295 Accused Products (*see, e.g.*, https://www8.hp.com/us/en/business/elite-family.html).

30.     HP performed acts of inducement despite its actual knowledge since at least February 13, 2021, of the '295 patent and its knowledge that the specific actions it actively induced and continues to actively induce on the part of its customers and other third parties constitute infringement of the '295 patent.  At the very least, because HP has been, and remains, on notice of the '295 patent and the accused infringement, it has been, and remains, willfully blind regarding the infringement that it has induced and continues to induce.

31.     On information and belief, HP has contributed to infringement of one or more claims of the '295 patent under 35 U.S.C. § 271(c), including, but not limited to Claim 1, by offering to sell or selling within the United States and/or importing into the United States without authorization, one or more components of the '295 Accused Products (or products of which the '295 Accused Products are components) with the knowledge (since at least February 13, 2021) that such component(s) are especially made or especially adapted for use in an infringement of the '295 patent and are not staple articles of commerce suitable for substantial non-infringing use.

32.     For example, these components include a baseband processing system for iteratively decoding data received on multiple data paths, the system including two soft decision decoders wherein an output of the last soft decision decoder is fed back as an input to the first soft decision decoder according to the claimed invention of at least one claim of the '295 patent. HP supplied, and continues to supply, these system on-chip components, products, or devices, including, without limitation, the '295 Accused Products with the knowledge of the '295 patent and with the knowledge that these components constitute critical and material parts of the claimed inventions of the '295 patent.  Moreover, HP knows at least by virtue of its knowledge of its own products and the '295 patent that these components are especially made and/or especially adapted for use as claimed in the '295 patent and there is no substantial non-infringing use of the claimed elements of these components.

33.     TurboCode has suffered, and continues to suffer, damages as a result of HP's infringement of the '295 patent.

34.     HP has continued to infringe the '295 patent since at least February 13, 2021, despite being on notice of the '295 patent and its infringement.  HP has therefore infringed the '295 patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least February 13, 2021, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement. As a result of at least this conduct, TurboCode is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

35.     TurboCode reserves the right to modify its infringement theories as discovery progresses in this case.  TurboCode shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts that it provides with this Complaint.

TurboCode intends the claim chart (Exhibit 3) for the '295 patent to satisfy the notice

requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  The claim chart is not

TurboCode's preliminary or final infringement contentions or preliminary or final claim

construction positions.

<b><u>COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6.813,742</u></b>

36.      TurboCode incorporates and realleges the preceding paragraphs as if fully set

forth herein.

37.      At least as of February 13, 2021, TurboCode placed HP on actual notice of the

'742 patent and actual notice that its actions constituted and continued to constitute infringement

of the '742 patent.  HP has had actual knowledge of the '742 patent and its own infringement of

the '742 patent since at least that time.

38.      HP has infringed one or more claims of the '742 patent, including but not limited

to Claims 1 and 6, pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents,

at least by making, using, offering to sell, selling, and/or importing into the United States without

authority cellular telephones, tablet computers, and/or other devices with 3G and/or 4G/LTE

capabilities and that comply with the 3G and/or 4G/LTE standards as disclosed in the 3rd

Generation Partnership Project ("3GPP") Standard Specifications governing cellular wireless

communications (*e.g.*, TS 26.071-26.999), and similar systems, products, and/or devices

including the '742 Accused Products.

39.      Discovery is expected to uncover the full extent of HP's infringement of the '742

patent beyond the '742 Accused Products already identified herein.

40.      Attached hereto as Exhibit 4, and incorporated by reference herein, is a claim

chart detailing how the Elite Dragonfly, one of the '742 Accused Products, directly infringes

independent Claims 1 and 6 of the '742 patent.  Each of the elements of Claims 1 and 6 is found

- 11 -

in this HP representative product as shown in Exhibit 4.  HP is directly infringing, literally

infringing, and/or infringing the '742 patent under the doctrine of equivalents.  HP is thus liable

for infringement of the '742 patent pursuant to 35 U.S.C. § 271.

41.     At least as of February 13, 2021, HP was placed on actual notice of the '742

patent and actual notice that its actions constituted and continue to constitute infringement of one

or more claims of the '742 patent.

42.     On information and belief, HP has induced and continues to induce infringement

of one or more claims of the '742 patent, including, but not limited to, Claims 1 and 6, pursuant

to 35 U.S.C. § 271(b) by encouraging its customers and other third parties such as users,

distributors, wholesalers, and retailers of the '742 Accused Products to make, use, sell, offer to

sell, and/or import in the United States without authorization the '742 Accused Products (or

products of which the '742 Accused Products are components) as described above and/or by

encouraging those same customers and third parties to use the '742 Accused Products (or

products of which the '742 Accused Products are components).

43.     HP's acts of inducement include, *inter alia*: providing the '742 Accused Products

to its customers and other third parties and intending them to use the '742 Accused Products;

providing information, advertising, and instructions for these products through its own and third-

party websites (*see, e.g.*, https://www8.hp.com/us/en/home.html); providing potential customers

with instructions on how to obtain these products and warrantying the products when obtained

through authorized distribution networks (*see, e.g.*, https://store.hp.com/us/en); providing support

and training to enable customers to use the '742 Accused Products in an infringing way (*see,

e.g.*, https://support.hp.com/us-en); encouraging customers and other third parties to

communicate directly with HP representatives about the '742 Accused Products for purposes of

technical assistance and repair (*see, e.g.*, https://support.hp.com/us-en/contact-hp (providing

consumer portal through which technical issues and concerns regarding the '742 Accused

Products can be addressed)); and encouraging customers and third parties to use the '742

Accused Products (*see, e.g.*, https://www8.hp.com/us/en/business/elite-family.html).

44.     HP performed acts of inducement despite its actual knowledge since at least

February 13, 2021, of the '742 patent and its knowledge that the specific actions it actively

induced and continues to actively induce on the part of its customers and other third parties

constitute infringement of the '742 patent.  At the very least, because HP has been, and remains,

on notice of the '742 patent and the accused infringement, it has been, and remains, willfully

blind regarding the infringement that it has induced and continues to induce.

45.     On information and belief, HP has contributed to infringement of one or more

claims of the '742 patent under 35 U.S.C. § 271(c), including, but not limited to Claims 1 and 6,

by offering to sell or selling within the United States and/or importing into the United States

without authorization, one or more components of the '742 Accused Products (or products of

which the '742 Accused Products are components) with the knowledge (since at least February

13, 2021) that such component(s) are especially made or especially adapted for use in an

infringement of the '742 patent and are not staple articles of commerce suitable for substantial

non-infringing use.

46.     For example, these components include a baseband processor for iteratively

processing sequences of received baseband digital signals according to the claimed invention of

at least one claim of the '742 patent.  HP supplied, and continues to supply, these system on-chip

components, products, or devices, including, without limitation, the '742 Accused Products with

the knowledge of the '742 patent and with the knowledge that these components constitute

critical and material parts of the claimed inventions of the '742 patent.  Moreover, HP knows at least by virtue of its knowledge of its own products and the '742 patent that these components are especially made and/or especially adapted for use as claimed in the '742 patent and there is no substantial non-infringing use of the claimed elements of these components.

47.     TurboCode has suffered, and continues to suffer, damages as a result of HP's infringement of the '742 Patent.

48.     HP has continued to infringe the '742 patent since at least February 13, 2021, despite being on notice of the '742 patent and its infringement.  HP has therefore infringed the '742 patent knowingly, willfully, deliberately, and in disregard of Plaintiff's patent rights since at least February 13, 2021, at least by infringing with actual knowledge of its direct and indirect infringement or while remaining willfully blind to the fact of its direct and indirect infringement. As a result of at least this conduct, TurboCode is entitled to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs under 35 U.S.C. § 285.

49.     TurboCode reserves the right to modify its infringement theories as discovery progresses in this case. TurboCode shall not be estopped for purposes of its infringement contentions or its claim constructions by the claim charts that it provides with this Complaint. TurboCode intends the claim chart (Exhibit 4) for the '742 patent to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. The claim chart is not TurboCode's preliminary or final infringement contentions or preliminary or final claim construction positions.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff TurboCode demands judgment for itself and against HP as follows:

A.      A judgment that Defendant has infringed, and continues to infringe, one or more claims of each of the Asserted Patents;

B.      A judgment that Defendant has induced infringement, and continues to induce infringement, of one or more claims of each of the Asserted Patents;

C.      A judgment that Defendant has contributed to, and continues to contribute to, the infringement of one or more claims of each of the Asserted Patents;

D.      A judgment that Defendant has egregiously infringed one or more claims of each of the Asserted Patents;

E.      A judgment awarding TurboCode all damages adequate to compensate for Defendant's infringement, and in no event less than a reasonable royalty for Defendant's acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

F.      A judgment awarding TurboCode treble damages pursuant to 35 U.S.C. § 284 as a result of Defendant's egregious conduct;

G.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding TurboCode its reasonable attorneys' fees; and

H.      A judgment awarding TurboCode such other relief as the Court may deem just and equitable.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff TurboCode

demands a trial by jury of this action.


Dated:  April 12, 2021                                    Respectfully submitted,

                                          By:    /s/ Alex Chan
                                                 Timothy Devlin
                                                 tdevlin@devlinlawfirm.com
                                                 Alex Chan
                                                 State Bar No. 24108051
                                                 achan@devlinlawfirm.com
                                                 Andrew Sherman
                                                 asherman@devlinlawfirm.com
                                                 DEVLIN LAW FIRM LLC
                                                 1526 Gilpin Avenue
                                                 Wilmington, Delaware 19806
                                                 Telephone: (302) 449-9010
                                                 Facsimile: (302) 353-4251

                                                 *Attorneys for Plaintiff,*
                                                 *TurboCode LLC*